UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
(Filed Electronically)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:20-cv-54-GNS |
| | ) |
| v. | ) |
| | ) COMPLAINT |
| CHESTER GORDON WHITESCARVER | ) and |
| and BETSY WHITESCARVER, | ) JURY DEMAND |
| | ) |
| Defendants. | ) |
| | ) |

The United States of America alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601, *et seq.* ("Fair Housing Act").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action, under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper in this district, under 28 U.S.C. § 1391(b), because the actions and omissions giving rise to the United States' allegations occurred in the Western District of Kentucky, and the Defendants reside in the Western District of Kentucky.

## FACTUAL ALLEGATIONS

4. Defendants Chester Gordon Whitescarver and Betsy Whitescarver are a married couple that resides in Russellville, Kentucky.

5. During part or all of the period of time relevant to this action, Defendants Chester Gordon Whitescarver and Betsy Whitescarver have co-owned and managed at least thirteen residential rental properties in or around Russellville, Kentucky (the "subject properties").

6. The subject properties include single-family homes and mobile homes.

7. The subject properties include, but are not limited to, the following properties in Russellville, Kentucky: 678 East Fourth Street, 633 West Seventh Street, 619 Clara Drive, 621 Clara Drive, 623 Clara Drive, and 1416 Nashville Street.

8. The subject properties are dwellings within the meaning of 42 U.S.C. § 3602(b).

9. At all times relevant to this action, Defendant Chester Gordon Whitescarver has been actively involved in the management of the subject properties, including, but not limited to, showing the properties to prospective tenants, collecting rent, handling maintenance requests, communicating with tenants regarding late payments, initiating eviction proceedings, and taking back control of the properties after tenants are evicted.

10. At all times relevant to this action, Defendant Betsy Whitescarver has been actively involved in the management of the subject properties, including, but not limited to, collecting rent, communicating with actual and prospective tenants, and serving tenants with notices to vacate.

11. At all times relevant to this action, Defendant Chester Gordon Whitescarver has had the authority to act on behalf of Defendant Betsy Whitescarver in the management and operation of the subject properties.

12. Since at least 2012, and as recently as 2018, Defendant Chester Gordon Whitescarver has subjected female tenants of the subject properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions. Such conduct has included, but is not limited to:

    a. Making unwelcome sexual comments and sexual advances to female tenants;

    b. Entering the homes of female tenants without their consent;

    c. Touching female tenants on their breasts, buttocks, and vaginas without their consent;

    d. Kissing female tenants without their consent;

    e. Offering to grant tangible housing benefits — such as reducing the rent and overlooking or excusing late or unpaid rent — to female tenants in exchange for sexual favors; and

    f. Taking adverse housing actions — such as filing eviction actions, or threatening to do so — against female tenants who objected to and/or refused his sexual advances.

13. For example, in approximately 2018, Defendant Chester Gordon Whitescarver subjected a female tenant to unwelcome sexual comments and repeatedly entered her home without her consent. He touched her buttocks and breasts and kissed her neck, all without her consent. When Defendant Chester Gordon Whitescarver learned that the tenant planned to contact the police, he threatened to evict her. After the tenant contacted the police, and a police officer questioned Defendant Chester Gordon Whitescarver about the tenant's allegations in Defendant Betsy Whitescarver's presence, Defendant Betsy Whitescarver personally delivered the tenant's notice to vacate. Defendant Chester Gordon Whitescarver subsequently filed an eviction action against the tenant.

14. In another example, in approximately 2012, Defendant Chester Gordon Whitescarver subjected two female tenants to unwelcome sexual comments and repeatedly entered their home without their consent, once while they were sleeping. Defendant Chester Gordon Whitescarver subjected one of the female tenants to unwanted sexual touching, unwanted kissing, and offered her reduced rent in exchange for sexual favors. After the tenants

contacted the police, and a police officer questioned Defendant Chester Gordon Whitescarver about the tenants' allegations in Defendant Betsy Whitescarver's presence, Defendant Betsy Whitescarver called one of the tenants and told her she would "get what's coming to [her]," or words to that effect. Defendant Chester Gordon Whitescarver subsequently filed an eviction action against the tenants.

15. The experiences of these women were part of Defendant Chester Gordon Whitescarver's longstanding pattern and practice of illegal sexual harassment of female tenants.

16. By at least 2012, Defendant Betsy Whitescarver was on notice that female tenants were alleging that her husband was sexually harassing them.

17. Defendant Betsy Whitescarver took no action to stop or curtail her husband's sexually harassing behavior.

18. On at least two occasions, in approximately 2012 and 2018, Defendant Betsy Whitescarver threatened and/or retaliated against female tenants who alleged that her husband was sexually harassing them.

19. Defendant Betsy Whitescarver is directly liable for her own discriminatory conduct and vicariously liable for her husband's discriminatory actions, all of which occurred while he was exercising his authority as her agent.

## CAUSE OF ACTION

20. By the actions and statements described above, the Defendants have:

   a. Denied dwellings or otherwise made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

    b. Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

    c. Made statements with respect to the rental of dwellings that indicate a preference, a limitation, or discrimination based on sex, in violation of 42 U.S.C. § 3604(c); and

    d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

21. Under 42 U.S.C. § 3614(a), the Defendants' conduct constitutes:

    a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, and

    b. A denial to a group of persons of rights granted by the Fair Housing Act, which denial raises an issue of general public importance.

22. Female tenants and persons associated with them have been injured by the Defendants' discriminatory conduct. These persons are "aggrieved persons" as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of the Defendants' conduct.

23. The Defendants' conduct was intentional, willful, and taken in reckless disregard of the rights of others.

**PRAYER FOR RELIEF**

WHEREFORE, the United States requests that the Court enter an Order that:

a. Declares that the Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*;

b. Enjoins the Defendants, their agents, employees, and successors, and all other persons in active concert or participation with them, from:

   i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

   ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

   iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

   iv. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of the Defendants' unlawful practices;

c. Awards monetary damages to each person aggrieved by the Defendants' discriminatory conduct, under 42 U.S.C. § 3614(d)(1)(B);

d. Assesses civil penalties against the Defendants to vindicate the public interest, under 42 U.S.C. § 3614(d)(1)(C); and

  e. Awards such additional relief as the interests of justice may require.

Dated: April 1, 2020

                   Respectfully submitted,

                   WILLIAM P. BARR
                   Attorney General

| | |
|---|---|
| RUSSELL M. COLEMAN<br>United States Attorney<br>Western District of Kentucky | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| | SAMEENA SHINA MAJEED<br>Chief |
| /s/ Jessica R. C. Malloy<br>JESSICA R. C. MALLOY<br>Assistant U.S. Attorney<br>United States Attorney's Office<br>Western District of Kentucky<br>Phone: (502) 779-2765<br>Fax: (502) 625-7110<br>E-mail: jessica.malloy@usdoj.gov | /s/ Erin Meehan Richmond<br>MICHAEL S. MAURER<br>Deputy Chief<br>ERIN MEEHAN RICHMOND<br>Trial Attorney<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 307-0385<br>Fax: (202) 514-1116<br>E-mail: erin.richmond@usdoj.gov |
| | Attorneys for Plaintiff<br>United States of America |

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

1:20-cv-54-GNS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Chester Gordon Whitescarver and Betsy Whitescarver

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Logan
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 862 Black Lung (923) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | | | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [X] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 3601, et seq.

Brief description of cause:
The United States bring this action to enforce the Fair Housing Act.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE: 04/01/2020

SIGNATURE OF ATTORNEY OF RECORD: */s/ Anika Malloy*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
AT BOWLING GREEN

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  1:20-cv-54-GNS

v.

Chester Gordon Whitescarver and
Betsy Whitescarver

**TO:**   (Name & Address of Defendant)

Betsy Whitescarver
1002 Honeysuckle Lane
Russellville, KY 42276-1037

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

Jessica R. C. Malloy
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within    twenty-one (21)    days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
**CLERK**                                                                                      DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐  Served personally upon the defendant.  Place where served:
_____

☐ and  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age discretion then residing therein.  Name of person with whom the summons and complaint were left:
_____
_____

☐  Returned unexecuted:
_____
_____
_____

☐  Other (specify):
_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____          _____
              Date                                     Signature of Server

---

[1] **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
AT BOWLING GREEN

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 1:20-cv-54-GNS

v.

Chester Gordon Whitescarver and
Betsy Whitescarver

**TO:**   (Name & Address of Defendant)

Chester Gordon Whitescarver
1002 Honeysuckle Lane
Russellville, KY 42276-1037

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

Jessica R. C. Malloy
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within    twenty-one (21)    days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____     _____
**CLERK**                                                                                               DATE

_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:
_____

☐ and  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

discretion then residing therein.  Name of person with whom the summons and complaint were left:
_____
_____

☐   Returned unexecuted:
_____
_____
_____

☐   Other (specify):
_____
_____
_____

---

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.


Executed on    _____        _____
                          Date                                                    Signature of Server


_____
[1] **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**