UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00054-GNS

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.

CHESTER GORDON WHITESCARVER; and
BETSY WHITESCARVER                                                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DNs 6, 7). This matter is now ripe for adjudication. For the reasons that follow, the motions are **DENIED**.

### I. BACKGROUND

The United States initiated this action on April 1, 2020, alleging that Chester Gordon Whitescarver and Betsy Whitescarver (collectively, the "Defendants") violated the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* (Compl. ¶ 1, DN 1). In short, the Complaint alleges that Defendants subjected female tenants of their properties to "discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions." (Compl. ¶ 12). Defendants filed two joint answers and motions to dismiss. (Def.'s Answer & Mot. Dismiss, DN 6; Def.'s Answer & Mot. Dismiss, DN 7).[1] The United States responded. (Pl.'s Resp. Defs.' Answers & Mots. Dismiss, DN 12).

### II. DISCUSSION

The joint answers and motions to dismiss consist of only one sentence in support of dismissal: "Defendants jointly pray this civil matter be dismissed, as violative of the Statute of

---

[1] The answers and motions are identical and will be considered as one.

1

Limitations." (Def.'s Answer & Mot. Dismiss ¶ 5). Defendants provide no additional facts, case citations, or legal analysis to support their contention. As such, rather than as a motion to dismiss, this Court views Defendants' mention of the statute of limitations as a preservation of this affirmative defense. *See* Fed. R. Civ. P 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations . . . ."); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Insofar as Defendants' answer is construed as a motion to dismiss, it is denied as perfunctory. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." *United States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016) (alteration in original) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)); *see also Smith v. United States*, No. 313-CR-00083-CRS-DW2, 2017 WL 6046144, at *4 (W.D. Ky. Oct. 13, 2017) ("The conclusory nature of this claim prevents evaluation of its merits."). If Defendants wish to raise this claim again and further elaborate on it, they are free to do so.

### III.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (DNs 6, 7) are **DENIED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

June 9, 2020

cc:   counsel of record